# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:09cv282

| | |
|---|---|
| PATRICIA B. FISHER, )  )  Plaintiff, )  )  Vs. )  )  BLUE RIDGE GROUP HOMES, )  )  Defendant. )  _____ ) | ORDER |

**THIS MATTER** is before the court on a motion filed by defendant entitled "Defendant's Motion to Compel Plaintiff's Disclosures and Responses to Defendant's First Discovery Requests" (#11) filed on March 18, 2010. Plaintiff's response was due to be filed not later than April 4, 2010 but up to the date of the filing of this Order a response by plaintiff has not been filed. Defendant has alleged that plaintiff has failed to provide initial disclosures as required by the court's Pretrial Order and has failed to respond to defendant's request for production of documents. Defendant further alleges that plaintiff has responded to the interrogatories of defendant in a manner and form not allowed by the Federal Rules of Civil Procedure. The parties in this case have consented to the jurisdiction of the undersigned to conduct any and all proceedings in the case. (#10) The motion is now ripe for determination.

I.     **Facts and History**

On July 23, 2009, plaintiff proceeding pro se, filed a Complaint (#1) alleging that she had been subject to employment discrimination by the defendant based upon her age. Defendant answered (#5) denying the allegations of plaintiff's Complaint. In the "Pretrial Order and Case Management Plan" (#9) plaintiff was directed by the undersigned to exchange the information required to be disclosed by Fed. R. Civ. P. 26(a) by November 20, 2009. (#9, p. 1) On December 4, 2009, defendant served upon plaintiff "Defendant's First Request for Admissions, Set of Interrogatories, and Request for Production of Documents." (#11-3) Plaintiff did not respond to the discovery requests. Defendant's counsel contacted plaintiff by letter on January 8, 2010 and requested plaintiff to provide the initial disclosures as required by Fed. R. Civ. P. 26(a) and as required by the Pretrial Order and Case Management Plan and further requested plaintiff respond to the discovery requests. (#11-2, p. 3) More that two weeks later, on January 25, 2010, defendant's counsel again wrote to plaintiff and stated:

> We have received neither the Federal Rule of Civil Procedure Rule 26(a) initial disclosures, which were due to us on November 20, 2009, nor your response to Defendant's First Request for Admissions, Set of Interrogatories and Requests for Production of Documents, which were due on January 4, 2010. When I spoke with you over the phone on January 15, 2010, you informed me that you had received our previous letter regarding the these (sic) disclosures and discovery responses. However, you have not submitted any documents, as required. As

mentioned in the previous letter, if we do not receive the documents requested, we will be forced to file a motion with the court to compel you to comply with the Rules of Civil Procedure. (#11-2, p. 4)

Defendant's counsel sent another copy of the discovery requests to plaintiff by letter dated January 29, 2010. (#11-2, p. 5) Answers to the interrogatories were received thereafter by defendant's counsel but the answers were not signed nor sworn to by plaintiff and did not provide complete answers or responses. (#11-2, p. 6) Plaintiff has never provided the documents required to be produced by Fed. R. Civ. P. 26(a)(1) nor has plaintiff provided any response at all to the Request for Production of Documents.

II. **Discussion**

Standard of Review.

Whether to grant or deny a Motion to Compel is generally left within the District Court's broad discretion. <u>Lonestar Steak House and Saloon, Inc. vs. Alpha Va., Inc.</u>, 43 F.3d 922, 928-929 (4th Cir. 1995).

Fed. R. Civ. P. 37(a) provides as follows:

Failure to Make Disclosures or to Cooperate in Discovery; Sanctions

(a) Motion for an Order Compelling Disclosure or Discovery.

    (1) **In General**. On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred to attempted to confer with the person or party failing to make

-3-

>>disclosure or discovery in an effort to obtain it without court action.
>
>(3) **Specific Motions**.
>
>>(A) To Compel Disclosure. If a party fails to make disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions.
>>
>>(B) To Compel a Discovery Response. A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if:
>>
>>>(iii) a party fails to answer an interrogatory submitted under Rule 33; or
>>>
>>>(iv) a party fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34.
>
>**(4) Evasive or Incomplete Disclosure, Answer, or Response**. For purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond.

First to be considered by the court is plaintiff's failure to comply with Fed. R. Civ. P. 26(a) and with the Pretrial Order and Case Management Plan (#9) entered by the undersigned on October 21, 2009. The order required the parties to exchange the information required to be disclosed by Fed. R. Civ. P.26(a)(1) no later than November 20, 2009. Plaintiff has failed to comply with the order and has shown no reason why she has not provided the information set forth by the rule and the order.

A party that fails to provide Fed. R. Civ. P. 26(a)(1) disclosures "unfairly inhibits its opponents ability to properly prepare, unnecessarily prolongs litigation and undermines the District Court's management of the case". <u>Saudi vs. Northrop Grumman Corporation</u>, 427 F.3d 271, 278 (4th Cir. 2005). Defendant's Motion to Compel the plaintiff to provide the disclosures set forth in Fed. R. Civ. P. 26(a)(1) will be allowed and plaintiff will be ordered to provide all the information required to be exchanged by the rule and the pretrial order.

Secondly, plaintiff has not responded to the Interrogatories as required by law. Fed. R. Civ. P. 33(b) sets forth the following:

**(b)  Answers and Objections.**

    (1)  **Responding Party**.  The interrogatories must be answered:

        (A)  by the party to whom they are directed; or

        (B)  if that party is a public or private corporation, a partnership, an association, or a governmental agency, by any officer or agent, who must furnish the information available to the party.

    (2)  **Time to Respond**.  The responding party must serve its answers and any objections within 30 days after being served with the interrogatories. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court.

    (3)  **Answering Each Interrogatory**. Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath.

(4) **Objections**. The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.

(5) **Signature**. The person who makes the answers must sign them, and the attorney who objects must sign any objections.

Plaintiff may have responded to the interrogatories in some manner but the court cannot definitively make such a determination because the answers to the interrogatories are not signed as required by Fed. R. Civ. P. 33(b)(5), nor are the answers sworn as required by Fed. R. Civ. P. 33(b)(3). The rule is specific and requires that "each interrogatory must, to the extent not objected to, be answered separately and fully in writing under oath." Additionally, plaintiff has not signed the answers as required by Fed. R. Civ. P. 33(b)(5) which states "the person who makes the answers must sign them...".

Assuming the answers to interrogatories are, in fact, those of plaintiff the responses in many respects do not meet the requirements of the law.

> The answers to interrogatories must be responsive, full, complete and unevasive. The answering party cannot limit his answers to matters within his own knowledge and ignore information immediately available to him or under his control. N.L.R.B. vs. Rockwell-Standard Corp., Transmission & Axle Division, Forge Division, 410 F.2d 953 (Sixth Cir. 1969); Olmert vs. Nelson, 60 F.R.D. 369 (D.D.C. 1973); Pilling vs. General Motors, 45 F.R.D. 366 (D. Utah 1968). If an appropriate interrogatory is propounded, the answering party will be required to give the information available to him, if any, through his attorney, investigators employed by him or on his behalf or other agents or

representatives, whether personally known to the answering party or not. <u>Wycoff vs. Nichols</u>, 32 F.R.D. 370 (W.D. Mo. 1963); see <u>General Dynamics Corp. Vs. Selb Manufacturing Co</u>., 481 F.2d 1204 (Eight Cir. 1973), cert. Denied, 414 U.S. 1162, 94 S.Ct. 926, 39 L.Ed.2d 116 (1074). If the answering party lacks necessary information to make a full, fair and specific answer to an interrogatory, it should so state under oath and should set forth in detail the efforts made to obtain the information. <u>International Fertilizer & Chemical Corp. Vs. Brasileiro</u>, 21 F.R.D. 193 (S.D.N.Y. 1957). <u>Miller vs. Doctor's General Hospital</u>, 76 F.R.D. 136, 140 (W.D. Ok. 1977).

Plaintiff's responses to interrogatories 1, 2, & 3 show the following:

1. For the period you were employed by Defendant, please list each date that you arrived late to work, were absent from work or left work early and describe in detail the specific reason for your tardiness, early departure or absenteeism for each date listed.

RESPONSE:

I don't remember

2. Please identify every policy, practice, or procedure that you allege Defendant used to engage in age discrimination against you.

RESPONSE:

I got all the clients that nobody else wanted, when I went back full time I asked for my same shift back. I got the shift opposite Heidi Riddle came back and the shift I asked for. Thats just some of stuff. (sic)

3. Please identify all persons who you may call as a witness in this action, and specifically identify which witness you may call to testify as to Defendant's alleged age discrimination against you.

RESPONSE:

None

-7-

In answering interrogatory #1, plaintiff has a duty to search for information so an answer can be given that is full and complete. A response of "I don't remember" is not sufficient. In answering interrogatory #2, plaintiff has a duty to set forth a full and complete answer, not just an example. Plaintiff's answer must be full and complete and not just reference "thats just some of stuff", but must describe all of the "stuff" whatever it might be. If plaintiff's answer to interrogatory #3 is her complete answer then her Complaint may be subject to dismissal. If plaintiff has no witnesses to testify to support her allegations, she cannot meet her burden of proof to prove her claim.

Defendant's Motion to Compel will be allowed and plaintiff will be required to provide full and complete answers to interrogatories 1, 2, & 3. Plaintiff will further be required to answer all interrogatories 1, 2, 3, 4, 5, and 6 in the form required by law with all answers signed and sworn.

Defendant also contends that plaintiff did not respond to defendant's Request for Production of Documents. Fed. R. Civ. P. 34(b)(2) provides with respect to a request for production of documents as follows:

(2) **Responses and Objections**:

(A) Time to Respond. The party to whom the request is directed must respond in writing within 30 days after being served. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court.

(B) Responding to Each Item. For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons.

(C) Objections. An objection to part of a request must specify the part and permit inspection of the rest.

(D) Responding to a Request for Production of Electronically Stores Information. The response may state an objection to a requested form for producing electronically stored information. If the responding party objects to a requested form —or if no form was specified in the request — the party must state the form or forms it intends to use.

(E) Producing the Documents or Electronically Stored Information. Unless other wise stipulated or ordered by the court, these procedures apply to producing documents or electronically stored information:

(i) A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request;

(ii) If a request does not specify a form for producing electronically stored information, a party must, produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms; and

(iii) A party need not produce the same electronically stored information in more than one form.

Plaintiff has not responded in any form or manner to defendant's Request for Production of Documents. Defendant's Motion to Compel will be allowed and plaintiff will be required to provide all responses to all document requests.

-9-

## III. Fees.

Defendant has requested an award of attorney fees and expenses pursuant to Fed. R. Civ. P. 37(a)(5)(A). The rule provides as follows:

(5) **Payment of Expenses; Protective Orders**.

(A) If the Motion is Granted (or Disclosure or Discovery is Provided After Filing). If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

(iii) other circumstances make an award of expenses unjust.

The undersigned has granted defendant's Motion to Compel in all respects. As a result, the undersigned is required to provide plaintiff and defendant an opportunity to be heard on the issue of fees and expenses. Defendant is ordered to file by May 3, 2010 affidavits concerning the number of hours reasonably expended on the Motion to Compel, including defendant's attorney's regular hourly rate of charge. In preparing the affidavits, defendant's counsel should address all factors as enumerated

in <u>Johnson vs. Georgia Highway Express, Inc.</u>, 488 F.2d 714 (5th Cir. 1974) as modified by <u>Hensley vs. Eckerhardt</u>, 461 U.S. 424 (1983). Defendant's counsel should also address in the affidavits the concerns of the Fourth Circuit Court of Appeals as forth in <u>Robinson vs. Equifax Information Services, LLC</u>, 560 f.3d 235, 243-244 (4th Cir. 2009) regarding additional affidavits necessary to establish the prevailing market rates in the relevant community and reasonableness of the amount of time. The court will consider the relevant community to be the United States District Court for the Western District of North Carolina, Asheville Division. Plaintiff shall be allowed to respond in writing to the affidavits on or before May 10, 2010. The undersigned will hear from plaintiff and counsel for the defendant as to the issue of award and fees and expenses at a hearing which will be held in Courtroom #2 of the United States Courthouse in Asheville, North Carolina on Monday, May 17, 2010 at 2:00 o'clock p.m.

\* \* \* \* \* \* \* \* \*

Plaintiff has the right to represent herself in this action but it appears to the undersigned plaintiff is doing so in a manner that is likely to result in her claim being forever lost. Being the person who has brought the case, plaintiff has the burden of moving the case forward. It appears that plaintiff has failed to take advantage of her opportunity to do so and is frustrating progress of the case by failing to comply with the orders of the court, the Federal Rules of Civil Procedure and the Local Rules of

Civil Procedure. Plaintiff is advised that litigation is a two-way street and while she has a right to file a civil action in this court that right comes with duties and responsibilities. A portion of those duties are to read and comply with the aforementioned rules. Plaintiff is now proceeding down a course which could lead to and award of fees and expenses against her pursuant to Fed. R. Civ. P. 37(a)(5)(A) and, if she does not comply with this Order, could lead to sanctions as set forth under Fed. R. Civ. P. 37(b)(2) which could include dismissal or dismissal pursuant to Fed. R. Civ. P. 41(b). Indeed, the purpose of this court in providing this information is to give plaintiff a clear and explicit warning that the consequences of her failure to comply with the orders of this court, the Federal Rules of Civil Procedure or with the Local Rules of Civil Procedure could result in dismissal of her Complaint. <u>Berry vs. South Carolina Department of Social Services</u>, 1997 WL 499950, AT 6 (4th Cir. 1997)[1] Plaintiff is strongly urged to retain an attorney to represent her in this matter. The assistance of an attorney could be invaluable to the plaintiff in advancing the plaintiff's claims in this case.

**ORDER**

**IT IS, THEREFORE, ORDERED** that:

---

[1] Due to the limits of EM/ECF copies of unpublished opinions are incorporated herein by reference to the Westlaw citation.

(1) Defendant's Motion to Compel (#11) is hereby **ALLOWED**. It is Ordered plaintiff is to make all the disclosures as set forth in Fed. R. Civ. P. 26(a)(1) and to provide the information set forth in said rule to defendant on or before **May 3, 2010.** It is further Ordered plaintiff is to fully answer interrogatories 1, 2, and 3 and to provide appropriate answers to interrogatories 1, 2, 3, 4, 5, and 6 in the form required by Fed. R. Civ. P. 33 by **May 3, 2010.** It is further Ordered plaintiff is to respond to all document requests and to provide all documents requested in the Request for Production of Documents from defendant to plaintiff on or before **May 3, 2010.**

(2) Plaintiff and defendant will be heard concerning defendant's motion for attorney fees and expenses, pursuant to Fed. R. Civ. P. 37(a)(5)(A) on Monday, **May 17, 2010 at 2:00 o'clock p.m.** Defendant's counsel is to file with the court affidavits concerning defendant's request for attorney fees and expenses as set forth in the body of this Order on or before **May 3, 2010**. Plaintiff is allowed to respond in writing to those affidavits on or before **May 10, 2010.**

(3) Plaintiff is further advised that failure to fully comply with this Order as set forth herein could result in the imposition of sanctions, which may include a dismissal of this action with prejudice. Plaintiff is encouraged to retain an attorney to represent her in this matter.

Signed: April 16, 2010

Dennis L. Howell
United States Magistrate Judge